IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TRUSTEES OF THE ELECTRICAL WELFARE TRUST FUND, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX-18-0051 |
| | * | |
| THIRD GENERATION ELECTRIC, LLC, | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

The Electrical Welfare Trust Fund ("Welfare Fund"); the Electrical Workers Local No. 26 ("Local 26") Pension Trust Fund ("Pension Fund"); the Local No. 26 Joint Apprenticeship and Training Trust Fund ("Apprenticeship Fund"); the Local No. 26 Individual Account Fund ("Individual Account Fund"); the National Electrical Benefit Fund ("NEBF") (collectively the "Funds"); the National Electrical Contractors Association, Washington D.C. Chapter ("NECA"); the National and Local Labor Management Cooperation Committees ("NLMCC" and "LMCC"); and their respective trustees and collection agents (collectively with the Funds, the "Plaintiffs"), bring this action against Defendant Third Generation Electric, LLC ("Third Generation") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*. (1982), and Section 301 of the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185.  Now pending before this Court is Plaintiffs' motion for default judgment.  ECF No. 46.  Defendant Third Generation has not filed a response, and the time for doing so has passed.  *See* Loc. R. 105.2.a.  For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED.

1

**I.     Background**

The Funds are multi-employer plans as that term is defined under ERISA, 29 U.S.C. § 1002(3). *See* ECF No. 16 ¶ 4. They were established and are maintained as the result of collective bargaining pursuant to Section 302(c)(5) and (6) of the LMRA, 29 U.S.C. § 186(c)(5) and (6). *Id.* ¶ 2. Plaintiff Local 26 is a local union of electrical workers covering Washington, D.C., and parts of Maryland and Virginia. ECF No. 46-1 ¶ 2. Plaintiffs NLMCC and LLMCC were established pursuant to the Labor Management Cooperation Act of 1978 to improve the relationship between signatory employers and IBEW local unions. *Id.* ¶ 3. NECA is a national trade association that serves as a collective bargaining representative for electrical contractors such as Defendant Third Generation, a Maryland limited liability corporation and an employer within the meaning of LMRA, 29 U.S.C. § 152(2), and ERISA, 29 U.S.C. § 1002(5). ECF No. 16 ¶ 4.

As a signatory to a collective bargaining agreement ("CBA") with Local 26 and NECA, Third Generation was bound to the terms and conditions of the Agreements and Declarations of Trust ("Trust Agreements") establishing the Funds. *Id.* ¶¶ 6, 9-10; ECF No. 46-1 ¶ 5; ECF No. 46-4 at 9. Per the terms of the CBA and Trust Agreements, Third Generation agreed to make monthly contributions to the Plaintiff Funds, NECA,[1] NLMCC, and LLMCC at specified rates,[2] and to provide Plaintiffs with monthly contribution reports listing the name of each person employed pursuant to the CBA and the number of compensable hours of wages paid to each such person during that month. ECF No. 16 ¶¶ 10-11; ECF No. 46-4 at 38-39, 43-50. The Trust

---

[1] Third Generation's contribution obligation to NECA under the CBA is described in Article XI as contributions due to the "Industry Fund." ECF No. 46-1 at 4 n.2; ECF No. 46-4 at 45.

[2] The Welfare Fund, Pension Fund, Individual Account Fund and Apprentice Fund have each adopted an interest rate on all delinquent contributions at the rate of 0.019% per day. ECF No. 46-1 ¶ 8. The NEBF has adopted an interest rate of 10% per annum. *Id.*

Agreements also authorized Plaintiff Trustees to inspect and audit Third Generation's payroll records to ensure Third Generation adhered to its contractual obligations. ECF No. 16 ¶ 12; ECF No. 46-4 ¶ 18. For any delinquent payments, Third Generation agreed to pay interest, calculated from the due date of each delinquent contribution to the date it was actually paid; liquidated damages, assessed in an amount equal to the greater of 20% of each delinquent monthly contribution or $50.00 per month; and any attorneys' fees and costs incurred by the Trustees in collecting delinquent contributions. ECF No. 16 ¶ 11; *see also* ECF No. 46-4 at 58, 75-77, 105-08, 136-39, 173-77, 222-23.

After conducting payroll audits for 2016, 2017, and 2018, Plaintiffs' auditor determined that Third Generation had failed to properly report and pay contributions totaling $350,779.37, specifically: $179,455.36 owed to the Welfare Fund, $87,658.45 owed to the Pension Fund, $16,497 owed to the Apprenticeship Fund, $64,526.15 owed to the Individual Account Fund, $240 owed to the LLMCC, and $2,401.58 owed to NECA. ECF No. 16 ¶ 12; ECF No. 46-4 ¶ 19; *id.* at 229. Plaintiffs also claim that Third Generation failed to submit timely contribution payments totaling $7,758.09 for work performed during the months of August, September and October 2017. ECF No. 16 ¶ 13; ECF No. 46-1 ¶ 9.

Accordingly, Plaintiffs have brought suit against Third Generation under sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and section 301(a) of LMRA, 29 U.S.C. § 185(a), in an effort to collect the delinquent contributions, audit amounts, interest, liquidated damages owed, and attorney's fees and costs. ECF No. 16. Third Generation ceased participating in this lawsuit as of August 2019, prompting the Clerk's Office to enter default pursuant to Federal Rule of Civil Procedure 55(a) on Mach 9, 2020. ECF No. 44. On April 15, 2020, Plaintiffs filed the pending motion for default judgment. ECF No. 46.

## II. Discussion

Federal Rule of Civil Procedure 55 governs default judgments which must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), the Court may exercise its discretion in granting default judgment when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering whether to grant default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. *See* Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)).

If the complaint avers sufficient facts from which the court may find liability, the Court next turns to damages. *See Ryan*, 253 F.3d at 780–81. Damages are circumscribed by that which is requested in the complaint. See Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages requested must be supported by evidence introduced either at a hearing or by affidavit or other records. *See id*.; *Lawbaugh*, 359 F. Supp. 2d at 422.

**III.     Analysis**[3]

ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145: *see also* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for *inter alia*, unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs of the action).  ERISA therefore "'provide[s] trustees of multiemployer benefit plans with an effective federal remedy to collect delinquent contributions.'"  *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685–86 (D. Md. 2013) (quoting *Laborers Health & Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 541 (1988)); *see also Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1020–21 (4th Cir. 1997). The LMRA also provides a separate basis for "parties to enforce the provisions of their collective bargaining agreements."[4]  *Trs. of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation Inc.*, No. ELH-11-832, 2011 WL 5151067, at *3 (D. Md. Oct. 27, 2011).

---

[3] This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185. Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as the Plaintiff Funds are administered in this district.  ECF No. 16 ¶ 3; *see Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

[4] NECA, NLMCC, and LLMCC are not multiemployer plans but are third-party beneficiaries with standing "to bring an action to enforce [the CBA and Trust Agreements'] terms and seek remedies for [their] breach" under LMRA, 29 U.S.C. § 185(a).  *Trustees of the Iron Workers Local Union No. 5 & Iron Workers Emps. Assoc. Emp. Pension Trust v. Facade Install Operating Co., D.C., Inc.*, No. GJH-18-1857, 2020 WL 949961, at *5 (D. Md. Feb. 27, 2020) (quotation omitted).

Taking the well-pleaded facts of the Complaint as true, Plaintiffs have established that Third Generation was required to make contributions under the CBA and Trust Agreements. ECF No. 16 ¶¶ 10-15. Plaintiffs have also established that Third Generation failed to make such contributions, in violation of 29 U.S.C. § 1145 and 29 U.S.C. § 185(a). *Id.* Default judgment as to liability is therefore GRANTED.

Plaintiffs are entitled by statute, 29 U.S.C. § 1132(g), and by the terms of the CBA and Trust Agreements, to recover in damages the delinquent contributions, interest on unpaid contributions; liquidated damages generally not to exceed twenty percent of the delinquent contributions; and attorney's fees and costs. *See* 29 U.S.C. § 1132(g); ECF No. 46-4 ¶ 13. However, any damages award must be properly supported by record evidence and consistent with those described in the complaint. Fed. R. Civ. P. 8(b)(6) & 54(c).

Plaintiffs assert damages of $7,758.09 in delinquent contributions; $350,779.37 in audit amounts; $4,812.28 in interest, calculated through March 27, 2020; and $69,370.89 in liquidated damages.[5] ECF No. 46-4 ¶ 20. In support of this award, Plaintiffs submit the sworn affidavit of Michael McCarron ("McCarron"), the Fund Administrator of the Plaintiffs Welfare Fund, Pension Fund, Individual Account Fund, and LLMCC. ECF No. 46-4. Plaintiffs have also provided a spreadsheet itemizing the amounts owed. *Id.* at 229. These damages are adequately supported and are consistent with those described in the Complaint. ECF No. 16. The Court will therefore award the delinquent contributions, audit amounts, interest, and liquidated damages.

As to Plaintiffs' requested attorneys' fees and costs, the Court assesses the reasonableness of the requested amounts by considering Appendix B to this Court's Local Rules

---

[5] As to Local Union No. 26 International Brotherhood of Electrical Workers, the Amended Complaint seeks damages for any unpaid union dues that are unpaid prior to a judgment. However, Plaintiffs concede that Third Generation does not owe any such dues. ECF No. 46-1 at 1 n.1.

and the following factors: the professional time and labor invested, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; the likelihood, if apparent to the client, that the lawyer's acceptance of the particular engagement will preclude other employment; the fee customarily charged in the locality for similar legal services; the amount in controversy and the results obtained; the time limitations imposed by the client or by the circumstances; the nature and length of the professional relationship with the client; the experience, reputation, and ability of the lawyer or lawyers performing the services; and whether the fee is fixed or contingent. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); Loc. R. 3, Appendix B.

Both current and former Plaintiffs' counsel seek attorneys' fees. ECF Nos. 46-2 & 46-3. Plaintiffs were first represented by Charles Fuller and Johanna Montero-Okon, of the law firm McChesney & Dale, P.C. ECF No. 46-3 ¶¶ 1-3. Fuller has practiced law for more than 30 years, and Montero-Okon has practiced since 2010. *Id.* The attorneys' hourly rates for the period during which they represented Plaintiffs were $260 in 2016, $275 in 2017, $290 in 2018, and $300 in 2019. *Id.* ¶ 7. These rates fall within the guidelines of the Local Rules for both practitioners and are presumptively reasonable. *See* Loc. R. 3, Appendix B.

Fuller attests that he and Montero-Okon collectively spent 71.2 hours working on this matter from July 2016 to October 2019, submitting invoices that reflect the hours worked and services provided. ECF No. 46-3 at 4-39. As costs, Plaintiffs seek reimbursement for the $400 filing fee. *Id.* at 13. The lodestar calculation (reasonable hourly rate multiplied by hours of work performed) thus supports the requested award of $20,772 in attorneys' fees and $400 in expenses, for a total of $21,172.00. *Id.* ¶ 8; Loc. R. 3, Appendix B. Therefore, the Court GRANTS Plaintiffs' request for $21,172.00 in attorneys' fees and costs.

Current counsel of record, Christopher M. Leins with the law firm Sleiven & Hart, P.C., also seeks recovery of attorneys' fees and costs. ECF No. 46-2. Leins attests that he, along with Sharon Goodman and Sarah Sanchez, represented Plaintiffs beginning in April 2019. *Id.* ¶¶ 3, 7. Lein has practiced law since 2009, Goodman over thirty years, and Sanchez since at least 2008.[6] Their respective rates of $300 and $410 generally comport with the Local Rule guidelines, and the Court finds them reasonable. *See* Loc. R. 3, Appendix B.

Lein also attested that paralegal, Olivia Hintz, performed a total of 18.8 hours at a rate of $200 per hour. ECF No. 46-2 ¶ 7; *id.* at 67. Hintz' hourly rate substantially exceeds this Court's presumptively reasonable range of $95-150. *See* Loc. R. 3, Appendix B. Moreover, Plaintiffs have not provided grounds to justify exceeding the presumptively reasonable rate in this instance. *See Robinson*, 560 F.3d at 244 (finding "the burden rests with the fee applicant to establish the reasonableness of a requested rate"). Accordingly, the Court will award fees for the entirety of Hintz' time at an hourly rate of $150, the upper limit of the presumptively reasonable fee range.

Based on the hourly rates of $300 for Lein, $410 for Goodman and Sanchez, and a modified hourly rate of $150 for Hintz, multiplied by the number of hours each individual worked (ECF No. 46-2), the Court GRANTS Plaintiffs $13,958 in attorneys' fees and costs for Sleiven & Hart's representation.

---

[6] Plaintiffs did not provide an exact number of years that Ms. Sanchez has practiced law. ECF No. 46-2 at 26. However, Lein attests that Ms. Sanchez has long served as a principal at the firm, and other materials submitted suggest that Ms. Sanchez has been practicing law since at least 2008. *Id.* at 47.

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for default judgment, ECF No. 46, is GRANTED, and it is this 8th day of January 2021, ORDERED by the United States District Court for the District of Maryland:

1. Judgment SHALL BE entered Defendant Third Generation Electric, LLC, and in favor of Plaintiffs, the Electrical Welfare Trust Fund, the Electrical Workers Local No. 26 Pension Trust Fund, the Electrical Local No. 26 Joint Apprenticeship and Training Trust Fund, the Electrical Workers Local No. 26 Individual Account Fund, the National Electrical Benefit Fund, the National Electrical Contractors Association, Washington D.C. Chapter, and the National and Local Labor Management Cooperation Committees.

2. Damages ARE awarded in the amount of $467,850.63, consisting of $358,537.46 in delinquent contributions and payroll audits; $4,812.28 in interest on the delinquent amounts, accruing through the date paid; $69,370.89 in liquidated damages; and $35,130 in attorneys' fees and costs; and

3. The Clerk is DIRECTED to transmit copies of this Memorandum Opinion and Order to the parties and CLOSE this case.

 1/8/2021                                              _____/s/_____
Date                                                          Paula Xinis
                                                              United States District Judge